## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )   CRIMINAL CASE NO. CF0002-13
                     )
                     )
vs.                  )
                     )   **DECISION AND ORDER**
                     )   (Motion to Dismiss Indictment)
                     )
JOSEPH CHARFAUROS SALAS, JR., )
                     )
            Defendant. )

### INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion to Dismiss First Charge in the Indictment (Stalking as a Second Degree Felony). Defendant Joseph Charfauros Salas, Jr. ("Defendant") is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam ("The People") are represented by Assistant Attorney General Richelle J. Yu. After reviewing the pleadings and arguments presented, the Court now issues the following Decision and Order DENYING Defendant's Motion to Dismiss.

### BACKGROUND

On January 11, 2013, Defendant was indicted on charges of Advanced Stalking (As a Second Degree Felony) and Violation of a Court Order (As a Misdemeanor). The First Charge of Advanced Stalking alleges the following:

> On or about between 27th day of December thru 31st day of December 2012, inclusive, in Guam, [Defendant], did commit the offense of *Advanced Stalking*, in that he did willfully, maliciously and repeatedly stalk another person, specifically, *Crystal Gail Hocog*, by harassing her, thereby causing substantial emotional distress, wile [sic] being prohibited from harassing *Crystal Gail Hocog* by a restraining order in effect from December 27, 2012, in case number DM135-12, in violation of 9 GCA §§ 19.69 and 19.70(b) and (e).

Indictment at 1. The Second Charge of Violation of a Court Order (As a Misdemeanor)

alleges the following:

> On or about between 27th day of December thru 31st day of December 2012, inclusive, in Guam, [Defendant], did commit the offense of **Violation of Court Order**, in that he knowingly violated a court order no. DM135-12, in the Superior Court of Guam, enjoining [ ] Defendant from harassing g [sic] or annoying **Crystal Gail Hocog**, in violation of 9 GCA § 30.40(a).

*Id.* at 1-2.

On August 27, 2013, Defendant filed Motion to Dismiss First Charge in the Indictment (Stalking as a Second Degree Felony) ("Motion to Dismiss"). The People filed People's Opposition to Defendant's Motion to Dismiss First Charge in the Indictment (Stalking as a Second Degree Felony) ("Opposition") on October 1, 2013. Defendant filed Reply in Support of Motion to Dismiss First Charge in the Indictment (Stalking as a Second Degree Felony) ("Reply") on October 2, 2013.

## DISCUSSION

Defendant requests dismissal of the Indictment based upon three points: (1) there was no evidence presented to the Grand Jury Defendant made a credible threat with intent to place Crystal Gail Hocog ("Victim") or her immediate family in fear of death or bodily injury; (2) there was no evidence presented to the Grand Jury that Victim suffered emotional distress and that the course of conduct was of such a nature to cause a reasonable person to suffer substantial emotional distress; and (3) there was no evidence presented to the Grand Jury that the text messages served no legitimate purpose.

An indictment should not be dismissed "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." *Guevara v. Superior Court*, 62 Cal.App.4th 864, 869 (Cal.Ct.App.1998) (citation omitted). Title 8 GCA § 50.54(b) provides that "[t]he grand jury *shall* find an indictment when from the evidence

presented, there is *reasonable cause* to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (2013) (emphasis added). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Grajo*, 1987 WL 109393 at * 2 (D. Guam 1987) (citations omitted).

A grand jury should receive only competent evidence. *See* 8 GCA § 50.42 (2013). Competent evidence is evidence that a reasonable person would rely upon in conducting his or her daily affairs. *See People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). "Dismissal of an indictment is a disfavored remedy." *People v. Palomo*, 1993 WL 129624 * 5 (D. Guam 1993) (citing *United States v. Rogers*, 751 F.2d 1074, 1076–1077 (9th Cir.1985)).

Title 9 GCA § 19.70 contains the statutory authority for Advanced Stalking and provides:

> *(a) A person is guilty of simple stalking if he or she willfully, maliciously, and repeatedly, follows or harasses another person* or who makes a credible threat with intent to place that person or a member of his or her immediate family in fear of death or bodily injury.
>
> *(b) A person is guilty of advanced stalking if he or she violates Subsection (a) of this Section when there is a temporary restraining order or an injunction or both or any other court order in effect prohibiting the behavior described in that Subsection against the same party.*
>
> (c) A person is guilty of advanced stalking if he or she violates Subsection (a) of this Section a second or subsequent time against the same victim, within seven (7) years of a prior conviction under that Subsection, and involving an harassment or a credible threat of violence, as defined in § 19.69 of this Chapter.
>
> (d) Simple stalking is a felony of the third degree.
>
> *(e) Advanced stalking is a felony of the second degree.*
>
> (f) This Section shall not apply to conduct which occurs during labor picketing.

9 GCA § 19.70 (2013) (emphasis added). Title 9 GCA § 19.69 defines "harasses" or "harassment" and provides:

> (a) Harasses or harassment means a knowing and willful course of conduct, whether physical, verbal, written, electronic, telephonic, via or by use of a computer, computer network, computer system, telephone network, data network, text message, instant message, or otherwise, directed at a specific person which alarms, annoys, or distresses the person, and which serves no legitimate purpose. *Such course of conduct must be of a nature to cause a reasonable person to suffer substantial emotional distress, and must cause substantial emotional distress.*

9 GCA § 19.69 (2013) (emphasis added).

Again, Defendant argues dismissal is warranted based upon three points: (1) there was no evidence presented to the Grand Jury Defendant made a credible threat with intent to place Crystal Gail Hocog ("Victim") or her immediate family in fear of death or bodily injury; (2) there was no evidence presented to the Grand Jury that Victim suffered emotional distress and that the course of conduct was of such a nature to cause a reasonable person to suffer substantial emotional distress; and (3) there was no evidence presented to the Grand Jury that the text messages served no legitimate purpose.

First, , the Court agrees with The People that they were not required to present evidence of a *credible threat*, since Advanced Stalking as charged did not contain that element. Title 9 GCA § 19.70 states that "[a] person is guilty of simple stalking if he or she willfully, maliciously, and repeatedly, follows or *harasses another person or who makes a credible threat. . . .*" 9 GCA § 19.70 (emphasis added). Here, the statute's use of the disjunctive "or" means that only one of the listed requirements need to be satisfied or charged. Therefore, the Court holds that The People have properly charged Defendant with Advanced Stalking under the first theory, harassment.

Next, Defendant argues The People did not present sufficient evidence both that Victim suffered emotional distress, and a reasonable person would not have suffered substantial

*People v. Salas*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0002-13

emotional distress. The legislature has not defined "substantial emotional distress." In the context of the tort of intentional infliction of emotional distress, "severe emotional distress" means "mental suffering, mental anguish, mental or nervous shock, or their like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea . . . Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Restatement (Second) of Torts § 46, cmt. j (1965). Finally, "substantial" is defined as "considerable size or amount." Webster's New Twentieth Century Dictionary, 1817 (2 ed.1979). Since the word "substantial" modifies "emotional distress," a defendant's acts must cause a considerable mental anguish in a reasonable person.

In the present case, The People indicate there was evidence presented to the Grand Jury regarding the Order of Protection issued on December 27, 2012, and Defendant violated the Court's order by sending text messages and loitering at Victim's front door. The text messages presented to the Grand Jury include the following statements: "Give me my stuff tomorrow im not playn. Drop it in da morning. I'll be waitn or else ima go to ur work. If you don't want that call me tonite and xplain!," "im at gate," "Waiting or im comn there," "Im at ur door," and "U fuken sold my boys phone to someone. Just wait im not done. Bitch!"

The Court holds the Grand Jury received evidence that Victim suffered substantial emotional distress and that distress was reasonable. First, The People presented evidence to the Grand Jury that Victim feared for her safety. Additionally, Defendant's distress was reasonable, as any reasonable person who knows there is a protective order in place, would be

*People v. Salas*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0002-13

greatly disturbed by the content Defendant's text messages and Defendant's physical proximity.

Finally, Defendant argues there was no evidence presented that the text messages did not serve a legitimate purpose. The term "legitimate" means "sanctioned by law or custom; lawful; allowed." Webster's New Twentieth Century Dictionary 1035 (2d ed. 1979). The People presented evidence to the Grand Jury of the Order of Protection, and even if Defendant argues he had a partially legitimate motive for contacting Victim, The People presented evidence of threatening texts and behavior made during the course of the Court's order. The Court holds that by proffering the above evidence to the Grand Jury, the People presented evidence the communication served no legitimate purpose.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Further proceedings are set for _Dec 10, 2013 @ 10am_

**SO ORDERED** this _25_ of November 2013.

HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 2 5 2013

Edna M. Nego
Deputy Clerk, Superior Court of Guam

*People v. Salas*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0002-13